Jambs C. Smith, J.
The question presented by this appeal is whether the alleged adultery of the plaintiff constitutes a counter-claim within the meaning of section 150 of the code.
. The counter-claim mentioned in that section, must,-among other requisites which it is not material to consider, “ arise out of one of the following causes of action: (1.) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff’s claim, or connected with the subject of the action: (2.) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.”
I understand the words “ action on contract” and “ action arising out of contract” here employed to be synonymous with each other, and also with the familiar term “ action ex contractu,” which, under the system before the code, included only “ personal actions for the recovery of a debt or damages for the breach of a contract.” (1 Oh. PI. 109.) The claim in question obviously is not mthin that class of actions, as it is not for the recovery of “a debt or damages,” nor for the enforcement of a contract, but on the contrary the object sought by the action is to annul the marriage contract set up in the complaint and absolve the plaintiff wholly, and the defendant partially, from its obligations. “ A suit for divorce, even where alimony is sought, is not an action upon the contract of marriage. It is a proceeding sui generis, founded upon the violation of duties which the law enjoins, and therefore resembling more an action of tort than of contract,” (Bishop on Marriage and Divorce, p. 300, § 38.)
The alleged counter-claim then does not arise out of con *11 tract. Does it arise out of “ the transaction” set forth in the complaint as the foundation of the plaintiff’s claim P Manifestly not; for that transaction is the alleged adultery of the defendant.
It only remains to consider whether it arises out of a cause of action “ connected with the subject of the action.” It is perhaps somewhat difficult to apply these words of the code to the case in hand. It may be said that “the subject” of this action is the alleged wrongful act of the defendant; and I am inclined to think this is the true view of the matter. The alleged adultery of the defendant is certainly the gist of the plaintiff’s case. If it be regarded as the subject of the action, the alleged adultery of the plaintiff, not being connected with it, is not a counter-claim.
But it is insisted by the appellant that the subject of the action is the marriage contract, and as the alleged adultery of the plaintiff is a breach thereof, it is connected with the subject matter of the action, within the meaning of the code. Aside from the fact above adverted to, that the action is not wpon the contract, or of the class ex contractu, it seems to me that this position involves consequences which the legislature did not intend, and which forbid the construction contended for by the appellant. If the alleged adultery of the plaintiff is a counter-claim because it is a breach of the marriage contract, then the defendant may set up in this action every other violation of that contract, of which the plaintiff has been guilty, and which would give her a right of action against' him. Thus, cruel treatment or desertion, which, as well as adultery, are breaches of the contract between the parties, might be set up as a counter-claim, either separately, or in connection with adultery, although the former are not defenses in actions of this description, and-although, (as this court has held recently, affirming former decisions,) a wife,. as plaintiff, cannot unite in one action a claim for divorce on the ground of adultery with a claim for separation on the ground of cruel treatment. Indeed, if the contract were the *12 subject of the action, it is clear that the defendant ought to be allowed -to set up every breach of it by the plaintiff, as a defense; but the only breach of which she can thus avail herself under our statute is his adultery, and this is permitted, not upon the ground that the plaintiff has himself violated a contract which he seeks to enforce, but for the reason that it is not the policy of our law to grant a divorce where both parties are adulterers, as they are, in that case, suitable and proper companions for each other. (Wood v. Wood, 2 Paige, 108, 111.)
The appellant is mistaken in supposing that he is aided by section 274 of the code. (Subd. 2.) That section merely authorizes -a judgment granting to the defendant in an action any affirmative relief to which he may be entitled, keeping in view, of course, the provisions of section 150 as to what constitutes a counter-claim.
It is quite probable that the established practice in actions of this description might be improved by allowing the adultery of the plaintiff to be set up as a counter-claim, but considerations of that nature are foreign to. the. question before us. We are to declare the law, not to make it.
The decision of the superior court of the city of New York in the case of J. W. B. v. F. D. B., (11 N. Y. Legal Obs. 350,) although entitled to great respect, on account of the learning and ability of the judges, whose views it declares, is, nevertheless, not binding upon us, and I am unable to assent to it, for the reasons above stated.
• I think the Order of the special term should be affirmed.
Welles', J. concurred.